John F. BRADLEY

v.

JAMES CAMPBELL SMITH, INC. et al.

Civ. A. No. 77–3954.

United States District Court,
E. D. Pennsylvania.

Oct. 9, 1981.

Marvin Barish, Philadelphia, Pa., for plaintiff.

J. D. DiGiacomo, Easton, Pa., for both Atlas companies.

Lynn L. Detweiler, Philadelphia, Pa., for Smith, Inc.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In late November 1975, a one-stop door machine or "push car" upon which plaintiff was working and containing component parts manufactured and designed by defendants James Campbell Smith, Inc. (Smith) and Atlas Car Manufacturing Company and Atlas Bolt and Screw Company (Atlas) and sold to plaintiff's employer, defendant Bethlehem Steel Corporation (Bethlehem), suddenly and unexpectedly moved causing injuries for which he now seeks recovery under theories of negligence, strict liability and breach of warranty. Defendants Smith and Atlas assert that their limited role in the design and manufacture of the *completed* push car coupled with plaintiff's failure to adduce any facts evidencing a causal connection between plaintiff's injuries and a defect for which they are responsible, warrants entry of summary judgment in their favor. Fed.R.Civ.P. 56(e). Specifically, Smith asserts that

plaintiff cannot point to any facts which prove that the sheet metal cab housing which it manufactured pursuant to Atlas' specifications caused the unexpected movement of the car. Atlas argues that the manufacture and "shop assembly" of a limited number of component parts is insufficient to support imposition of liability as to it.

Plaintiff, countering, argues that a metal plate affixed to the push car and Bethlehem's answers to interrogatories identify moving defendants as builders, designers and manufacturers thereof rather than mere suppliers of component parts. Plaintiff further argues that he need not prove the exact cause of injury since a jury, employing the doctrine of *res ipsa loquitor*, could find moving defendants liable.

Because we note a genuine issue of material fact regarding the role which Smith and Atlas had in the production of the push car, we deny their motions. If, in fact, moving defendants designed, manufactured and built the push car which moved without any warning, a jury could find them liable. *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975). In reaching this conclusion, the jury may employ *res ipsa loquitor*. *Knight v. Otis Elevator Co.*, 596 F.2d 84 (3d Cir. 1979). The jury, on the other hand, may believe that defendants Smith and Atlas' participation in the design and manufacture of the completed product was as limited as they now argue. If so, considerations of trade custom, the relative expertise of the parties in designing and installing safety devices and the practicality of Smith and Atlas installing the devices are further factors which warrant consideration. *Verge v. Ford Motor Co.*, 581 F.2d 384, 387–89 (3d Cir. 1978); *Orion Insurance Co., Ltd. v. United Technologies Corp.*, 502 F.Supp. 173, 177 (E.D.Pa.1980). Accordingly, we will deny defendants' motions.